UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

SHILO THOMAS JOSEPH                                                      Petitioner

v.                                                      Case No. 3:22-cv-536-RGJ-CHL

JAMES DAVID GREEN, Warden of
Eastern Kentucky Correctional Complex                                   Respondent

* * * * *

## MEMORANDUM OPINION & ORDER

Petitioner Shilo Thomas Joseph ("Joseph") objects [DE 16] to the Magistrate Judge's report and recommendation [DE 13] regarding Joseph's petition for a writ of habeas corpus under 28 U.S.C. § 2254 [DE 1]. The time for Respondent James David Green, Warden of the Eastern Kentucky Correctional Complex (the "Warden"), to object or respond to Joseph's objections has expired. *See* Fed. R. Civ. P. 72(b)(2). For the following reasons, Joseph's objections [DE 16] are **OVERRULED**. The Court **ACCEPTS** the Magistrate Judge's recommended disposition [DE 13].

## I. BACKGROUND

In October 2018, Joseph forced his way into the apartment of a former romantic partner. [DE 9-2 at 138–39]. No one was inside, but an altercation with two other men ensued primarily in the building's stairwell. Joseph stabbed one of them, killing him. [*Id.* at 138–40]. A Jefferson County grand jury indicted Joseph for his actions. [*Id.* at 138]. At trial, he testified in his own defense. [*Id.* at 139]. Regarding his unlawful entry into the apartment, Joseph argued that once inside, he only intended to retrieve his personal property. [*Id.* at 138]. As for the killing, Joseph argued that he acted in self-defense. [*Id.*]. Despite these arguments, the jury convicted Joseph of burglary, manslaughter, and being a persistent felony offender. [*Id.* at 140]. He received a 20-year sentence. [*Id.* at 156].

Joseph appealed his conviction directly to the Supreme Court of Kentucky. [*Id.* at 158]; *accord* Ky. Const. § 110(2)(b). In October 2021, his conviction was affirmed. [*Id.* at 138, 150]. He did not petition the Supreme Court of the United States for a writ of certiorari, and he did not pursue any state-court postconviction relief. However, he timely petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254. [DE 1 at 1]. He maintained four claims for relief:

1.  Joseph's rights under the Fifth and Fourteenth Amendments were violated when the Commonwealth commented on Joseph's decision not to talk to the police following his arrest.

2.  The Kentucky Court's [sic] [erred] by failing to find that the Commonwealth's evidence was insufficient to support Joseph's conviction for burglary . . . .

3.  Joseph's rights to due process and a fair trial was [sic] violated when the prosecution intentionally misstated the law during closing argument in order to mislead the jury and secure a conviction for burglary.

4.  Joseph's right to due process and a fair trial were violated when the trial court prevented Joseph from eliciting testimony that the victim had threatened Joseph prior to the altercation.

[DE 1-1 at 28–49 (reformatted)]. The Court ordered the Warden to respond and referred this matter to the Magistrate Judge. [DE 3].

After receiving the Warden's response and Joseph's reply, the Magistrate Judge entered a detailed report and recommendation on Joseph's petition. [DE 13]. The Magistrate Judge determined that Joseph's fourth claim is procedurally defaulted and that all of his claims fail on the merits. [*Id.* at 287–301]. Accordingly, the Magistrate Judge recommended denying Joseph's petition in its entirety. [*Id.* at 303]. The Magistrate Judge also recommended declining to provide a certificate of appealability. [*Id.* at 301–03]. Joseph now objects to the Magistrate Judge's report and recommendation. [DE 16].

## II. STANDARD

A district judge may refer a dispositive issue to a magistrate judge for initial consideration. 28 U.S.C. § 636(b)(1)(B); *Thomas v. Arn*, 474 U.S. 140, 141 (1985); *Massey v. City of Ferndale*, 7 F.3d 506, 508–09 (6th Cir. 1993). After referral, the magistrate judge will conduct any necessary proceedings, propose findings of fact, and recommend a disposition. *See* Fed. R. Civ. P. 72(b)(1); *Vogel v. U.S. Off. Prods. Co.*, 258 F.3d 509, 515 (6th Cir. 2001); *see also Massey*, 7 F.3d at 509.

Parties "may serve and file specific written objections" to the magistrate judge's findings and recommendations. Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). Objections should "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas*, 474 U.S. at 147; *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "The filing of vague, general, or conclusory objections . . . is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller*, 50 F.3d at 380). Furthermore, the Court may deem waived any issue raised for the first time in a party's objection. *Morgan v. Trierweiler*, 67 F.4th 362, 367 (6th Cir. 2023) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)); *see also AES-Apex Emp. Servs., Inc. v. Rotondo*, 924 F.3d 857, 867 (6th Cir. 2019).

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1)(C). Redetermination of unchallenged findings and conclusions is not required. *Thomas*, 474 U.S. at 150; *see also Vogel*, 258 F.3d at 515 (citing *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981)). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also Vogel*, 258 F.3d at 517–18.

### III. ANALYSIS

The writ of habeas corpus is available to a prisoner convicted in state court whose custody violates federal law. 28 U.S.C. § 2254(a). However, the writ "is an extraordinary remedy that guards only against extreme malfunctions in the state criminal justice systems." *Shinn v. Ramirez*, 596 U.S. 366, 377 (2022) (quotation marks omitted). Both the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and the Supreme Court have "tightly constrained" federal courts' review of state-court convictions. *Hale v. Cool*, 122 F.4th 637, 644 (6th Cir. 2024); *see also Ramirez*, 596 U.S. at 377.

"[H]abeas petitioners must clear several hurdles . . . ." *Rogers v. Mays*, 69 F.4th 381, 388 (6th Cir. 2023). They typically must exhaust state-court remedies before seeking federal habeas relief. *Ramirez*, 596 U.S. at 377 (citing 28 U.S.C. § 2254(b)(1)(A)); *Wilson v. Mitchell*, 498 F.3d 491, 498 (6th Cir. 2007). Claims that were not adequately presented in state court are procedurally defaulted. *Ramirez*, 596 U.S. at 378; *see also Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013). A habeas petitioner also must meet a one-year limitations period. 28 U.S.C. § 2244(d)(1). On the merits, a petitioner must show that both "law and justice require relief." *White v. Plappert*, 131 F.4th 465, 476 (6th Cir. 2025) (quoting *Brown v. Davenport*, 596 U.S. 118, 134 (2022)); *see also* 28 U.S.C. § 2243. These two requirements implicate AEDPA and federal courts' "equitable discretion," respectively. *White*, 131 F.4th at 479; *see also Davenport*, 596 U.S. at 134.

Under AEDPA, "if a claim was adjudicated on the merits in state court, a federal court cannot grant relief unless the state court (1) contradicted or unreasonably applied [Supreme Court] precedents, or (2) handed down a decision 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Shoop v. Twyford*, 596 U.S. 811, 818–19 (2022) (quoting 28 U.S.C. § 2254(d)). To warrant relief under the federal-law inquiry, the state court's "error must be so egregious that all 'fairminded jurists' would have seen it." *Mack v.*

*Bradshaw*, 88 F.4th 1147, 1154 (6th Cir. 2023); *see also Davis v. Jenkins*, 115 F.4th 545, 553 (6th Cir. 2024). Under the factual-determination inquiry, the state court's findings are "presumed to be correct," and the petitioner must overcome that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *accord Burt v. Titlow*, 571 U.S. 12, 18 (2013). It is not enough that "a federal court would make a different finding in the first instance." *Mack*, 88 F.4th at 1154 (citing *Wood v. Allen*, 558 U.S. 290, 301 (2010)). In short, AEDPA imposes "a daunting standard," *Mack*, 88 F.4th at 1154, that is "intentionally designed to be difficult," *Hale*, 122 F.4th at 645.

Even where AEDPA is satisfied, "courts may nevertheless deny habeas through the exercise of their equitable discretion." *White*, 131 F.4th at 479 (citing *Davenport*, 596 U.S. at 134); *see also Williams v. Taylor*, 529 U.S. 362, 375 (2000) (opinion of Stevens, J.). A petitioner who establishes error also mush show, for example, that the error actually prejudiced the outcome of his trial. *Davenport*, 596 U.S. at 126; *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Furthermore, federal courts "typically have broad discretion in fashioning habeas relief." *Ewing v. Horton*, 914 F.3d 1027, 1032 (6th Cir. 2019). "District courts rightly favor conditional grants, which provide states with an opportunity to cure their constitutional errors." *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006). "Absolute grants are therefore generally limited to situations where the nature of the error is simply incurable." *Id.*

Here, Joseph's objects to the Magistrate Judge's conclusions of law on each of his four claims for habeas relief. [DE 16 at 309–21]. Additionally, he asserts that the Magistrate Judge erred in denying a certificate of appealability. [*Id.* at 321–22].

### A. Claim One: Commonwealth's Comments Regarding Joseph's Testimony During Trial

As to denial of Joseph's first claim for habeas relief, that his "convictions must be vacated because during trial the Commonwealth commented on [his] decision to remain slilent [sic] during

and after his arrest," [DE 1 at 2], Joseph asserts that the Magistrate Judge misapplied *Fletcher v. Weir*, 455 U.S. 603 (1982). Joseph asserts that his Fifth and Fourteenth Amendments were violated when the Commonwealth made two comments at trial regarding his testimony which implicated his decision not to talk to the police following his arrest. First, under cross-examination, the Commonwealth asked Joseph, "This is the first time you're ever giving this version of events, correct?" [DE 9-2 at 140]. Later, during closing arguments, the Commonwealth remarked that Joseph had "waited eight months to tell his version of events." [*Id.* at 141]. In both instances, the trial court overruled defense counsel's objections that these comments violated Joseph's right to remain silent. [*Id.* at 140–41]. The Supreme Court of Kentucky affirmed:

> . . . There was never any discussion, from any witness, about Joseph being read his *Miranda* warnings . . . . There was no evidence, for example, that Joseph had been Mirandized and then refused to tell the police his version of events, nor was his hypothetical post-*Miranda* refusal to speak to police used against Joseph by the Commonwealth. The Commonwealth simply pointed out that trial was the first occasion that Joseph bad provided his side of the story. . . . [T]he Commonwealth's question was motivated by a desire to highlight that Joseph had ample time to fabricate his version of events, not to impeach him by pointing out that he did not tell the police that version of events upon his arrest.
>
> Based on the foregoing, we hold that neither the cross-examination question, nor the prosecutor's statement during its closing argument were impermissible comments on Joseph's post-*Miranda* silence.

[*Id.* at 143]. The Magistrate Judge concluded that the state court's decision on this point was neither an unreasonable application of federal law nor an unreasonable determination of the facts in light of the evidence. [DE 13 at 290–91]. Joseph argues that this conclusion is contrary to *Fletcher* and that the Magistrate Judge misapplied this law. [DE 16 at 309]. He also objects to the Magistrate Judge's "conclusion that the Kentucky Supreme Court reasonably applied the facts and law." [*Id.* at 310].

*Miranda v. Arizona* imposes certain "prophylactic rules stemming from the Fifth Amendment privilege against self-incrimination." *United States v. Calvetti*, 836 F.3d 654, 662 (6th

Cir. 2016) (citing *Maryland v. Shatzer*, 559 U.S. 98, 103 (2010)). Relevant here, *Miranda* requires that in "custodial interrogation . . . [p]rior to any questioning, the person must be warned that he has a right to remain silent." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). But critically, "Miranda warnings are required only where there has been such a restriction on a person's freedom as to render him 'in custody.'" *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977). "Silence *in the wake of these warnings*" is protected. *Doyle v. Ohio*, 426 U.S. 610, 617 (1976) (emphasis added). Furthermore, a suspect must "unambiguously" invoke his right to remain silent in order to protect his silence from attention at trial. *Berghuis v. Thompkins*, 560 U.S. 370, 381 (2010) (quoting *Davis v. United States*, 512 U.S. 452, 459 (1994)).

Joseph testified at trial. As a general matter, "the Fifth Amendment is not violated when a defendant who testifies in his own defense is impeached with his prior silence." *Jenkins v. Anderson*, 447 U.S. 231, 235 (1980) (discussing *Raffel v. United States*, 271 U.S. 494 (1926)). "If a defendant testifies as here, a prosecutor may attack his credibility to the same extent as any other witness." *United States v. Francis*, 170 F.3d 546, 551 (6th Cir. 1999). Even regarding silence while in custody, if a suspect was not Mirandized, it is not unlawful for the prosecution to highlight his "postarrest silence" at trial. *Fletcher*, 455 U.S. at 607.

Joseph "relies on *Doyle v. Ohio*," which involved a Mirandized suspect's silence. [DE 16 at 310]. He argues that *Fletcher* is distinguishable if he was Mirandized when arrested. But he also acknowledges that "the record does not contain direct evidence of a *Miranda* warning." [*Id.* at 310]. Indeed, the record does not establish that Joseph was Mirandized or subjected to custodial interrogation, much less that he unambiguously invoked his right to remain silent.[1] The

---

[1] With his original reply brief, Joseph filed a new exhibit described as a "note written by his attorney" [*see* DE 12-1] and claimed that he "expressly asserted his Fifth Amendment privilege at the time of his arrest," ostensibly by presenting the note "to the authorities" [DE 12 at 267]. The Magistrate Judge found that the

Commonwealth's cross-examination and closing argument permissibly impeached Joseph's delay before sharing his story, not any refusal to speak with law enforcement while in custody or silence after invoking the right to remain silent. *See Jenkins*, 447 U.S. at 235.

Joseph also argues that *Minor v. Black*, 527 F.2d 1 (6th Cir. 1975), is analogous. [DE 16 at 311]. There, the Sixth Circuit held that "the admission of evidence of and comment on [a petitioner's] silence violated [his] right to remain silent." *Minor*, 527 F.2d at 3. But in *Minor*, the prosecution explicitly commented on the defendant's failure to speak with police at the time of his arrest. *See id.* at 2, 2 n.1. Here, as the state court noted, "the Commonwealth's question was motivated by a desire to highlight that Joseph had ample time to fabricate his version of events." [DE 9-2 at 143]. In other words, the Commonwealth was impeaching the credibility of Joseph's trial testimony, not attacking his post-arrest silence. *Minor* is therefore factually distinguishable. *See Jenkins*, 447 U.S. at 235 (discussing *Raffel*, 271 U.S. 494). Furthermore, because *Minor* was a circuit court decision, it cannot serve as a basis for habeas relief. The question is whether the state courts in Joseph's case contradicted or unreasonably applied *Supreme Court* precedents. *See Twyford*, 596 U.S. at 818–19. "[A]ny failure to apply [*Minor*] cannot independently authorize habeas relief under AEDPA." *See Renico v. Lett*, 559 U.S. 766, 779 (2010).

In short, there was no evidence at trial, and there is no indication in the state court record, of Joseph being Mirandized when he was arrested. [*See* DE 9-2 at 143]. The Magistrate Judge correctly applied *Fletcher* in determining that without such "affirmative assurances," the Commonwealth's cross-examination and closing argument were permissible. The state court's decision on this point was not unreasonable under AEDPA. *See Davis*, 115 F.4th at 553. Joseph's

---

attorney note was not part of the state court record and disregarded it accordingly. [DE 13 at 291]. In his objections, Joseph again cites the attorney note but does not object to the Magistrate Judge's conclusion. [DE 16 at 309–11]. Because Joseph has not challenged the Magistrate Judge's determination, the Court will not reopen the issue. *See Cole*, 7 F. App'x at 356; *see also Vogel*, 258 F.3d at 515.

objections are overruled as the Magistrate Judge's report and recommendation properly denied Joseph's first claim for habeas relief. *See Davenport*, 596 U.S. at 134.

**B. Claim Two: Evidence of Intent to Commit a Crime**

As to his second claim, that "[i]nsufficient evidence was presented in order to sustain a conviction for first-degree burglary because no evidence was presented showing that [he] intended to commit a crime after trespassing," [DE 1 at 2], Joseph objects [DE 16 at 314–15] to the Magistrate Judge's conclusion that a rational trier of fact could agree with the jury's verdict [DE 13 at 295].

Under Kentucky law, burglary requires that the defendant "knowingly enter[ed] or remain[ed] unlawfully" "with the intent to commit a crime." Ky. Rev. Stat. §§ 511.020–.040. Absent criminal intent, the offense is merely trespass. *See* Ky. Rev. Stat. §§ 511.060–.080. At trial, Joseph asserted that when he forced his way into the apartment, he only intended to retrieve a "trunk" that was his own personal property. [DE 9-2 at 145–56]. He sought a directed verdict on his burglary charge, arguing that the record did not show any intent to commit a crime while inside the apartment. [DE 9-2 at 145]. On appeal, the Supreme Court of Kentucky disagreed:

> [When Joseph's former partner] claimed that the trunk belonged to her brother, ownership of the trunk became a factual question for the jury to decide. If they believed it belonged to [her] brother, it would not have been clearly unreasonable for them to find that the "intent to commit a crime" element of first-degree burglary was satisfied. Accordingly, Joseph is not entitled to a directed verdict of acquittal.

[*Id.* at 146]. The Magistrate Judge determined over the Warden's challenge that Joseph's claim is not procedurally defaulted but also determined that the state court's decision on this point was not unreasonable under AEDPA. [DE 13 at 292, 296].

Due process requires sufficient proof for every criminal conviction. *Jackson v. Virginia*, 443 U.S. 307, 315 (1979) (discussing *In re Winship*, 397 U.S. 358 (1970)). "[R]eview of the sufficiency of the evidence" must include consideration of "whether the record evidence could

reasonably support a finding of guilt beyond a reasonable doubt." *Id.* at 318–19. However, "*Jackson* claims face a high bar in federal habeas proceedings," as "they are subject to two layers of judicial deference." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012). "First, on direct appeal . . . '[a] reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury.'" *Id.* (quoting *Cavazos v. Smith*, 565 U.S. 1, 2 (2011)). "[S]econd, on habeas review, 'a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was "'objectively unreasonable.'" *Id.* (quoting *Smith*, 565 U.S. at 2); *see also* 28 U.S.C. § 2254(e)(1).

Joseph's objections maintain that "there was no testimony or evidence establishing that [he] had the intent to commit a crime when he entered the apartment." [DE 16 at 316]. He further argues that "[n]o evidence was presented that he attempted to take anything that did not belong to him once in the apartment." [DE 16 at 316]. That assertion directly contradicts the record. In fact, nowhere do Joseph's objections address the basis of the state court's decision: his former partner's testimony that the trunk actually belonged to her brother. [DE 9-2 at 146]. Joseph's failure to engage with the state court's reasoning, which was incorporated into the Magistrate Judge's determination [DE 13 at 295], "is tantamount to a complete failure to object" to the Magistrate Judge's report and recommendation. *Cf. Cole*, 7 F. App'x at 356.

The Magistrate Judge correctly determined that, in light of the former romantic partner's testimony, a rational trier of fact could agree with the jury that Joseph entered the apartment intending to take property not belonging to him. *See Johnson*, 566 U.S. at 651. The state court's decision was not unreasonable considering the evidence presented at trial. *See* 28 U.S.C. § 2254(d).

Joseph's objections are overruled as the Magistrate Judge properly denied Joseph's second claim for habeas relief under AEDPA. *See Davenport*, 596 U.S. at 134.

### C. Claim Three: Prosecutorial Misconduct

As to his third claim, Joseph asserts that "[t]he prosecution engaged in misconduct by intentionally misstating the law during closing argument in order to ensure that [he] would be convicted of Burglary." [DE 1 at 2]. He objects [DE 16 at 317–18] to the Magistrate Judge's conclusion that "the prosecution's comment did not inject so much unfairness into the trial as to deny [him] due process" [DE 13 at 298]. He maintains his argument that the state court's decision contradicted or unreasonably applied clearly established federal law. [DE 16 at 318–19].

In closing arguments at trial, regarding the burglary charge and criminal intent, the Commonwealth made the following appeal to the jury:

> The other, I think, absurd argument here is that his intent is to break into this home to recover his personal belongings and that makes it . . . okay. I mean, think about that logically: you're saying as long as you break into someone else's home to recover your personal property, or just use the bathroom, it's not a burglary? He kicked that door in, and we're left to speculate as to what his intentions were.

[DE 9-2 at 143]. Defense counsel objected because none of what the Commonwealth referenced—the act itself of breaking in, intent to retrieve one's own property, and intent to use the bathroom—can establish the criminal-intent element of burglary under Kentucky law. [*Id.* at 144]. The trial court overruled those objections, but on direct appeal, the Supreme Court of Kentucky rejected the trial court's reasoning:

> We agree with Joseph that the Commonwealth's argument was a misstatement of the law. . . . [T]he intent to commit a crime . . . must be . . . separate from the unlawful entry itself. It would be inconsistent with the plain language of the statute to allow the Commonwealth to "double dip" and assert that the intent to commit a crime element is satisfied based solely on the nature of the unlawful entry.
>
> [T]he Commonwealth also misstated the law by arguing that breaking into someone else's home "to recover your personal property, or just use the bathroom" would constitute burglary.

[*Id.*]. Nonetheless, the court concluded under *Matheney v. Commonwealth*, 191 S.W.3d 599 (Ky. 2006), that Joseph's "prosecutorial misconduct" claim did not warrant relief:

> . . . [C]losing arguments . . . are not evidence, and therefore counsel on both sides are given a great deal of latitude while making closing arguments.
>
> First, because the prosecutor's argument in this case was a misstatement of the law, it was inherently misleading to the jury. However, we cannot say that Joseph was prejudiced by the misstatement. This is because the Commonwealth also suggested that the crime he intended to commit was to take things from the apartment that did not belong to him, which was appropriate. In addition, the jury was properly instructed on the law of first-degree burglary. . . .
>
> Second, the misstatement was isolated: the complained of statement was one argument during an approximately hour and a half closing argument. . . . Third . . . we cannot say that the prosecutor intentionally misstated the law. In other words, the prosecutor may very well have believed he was accurately stating the law. . . .
>
> Finally, the strength of the evidence against Joseph regarding first-degree burglary was strong. . . .
>
> Consequently, on balance, we hold that the prosecutor's misconduct in misstating the law was not "flagrant." . . . [D]efense counsel . . . did not request an admonition, and the court did not provide one *sua sponte*. However, for the reasons already provided, the proof of Joseph's guilt was overwhelming.

[DE 9-2 at 144–45]. The Magistrate Judge determined "that the Kentucky Supreme Court did not unreasonably apply clearly established federal law in deciding Joseph's prosecutorial misconduct claim" and "likewise . . . that the Kentucky Supreme Court did not make an unreasonable determination of the facts." [DE 13 at 297–98].

As the Magistrate Judge noted, "the clearly established Federal law at issue is the United States Supreme Court's decision in *Darden v. Wainwright*, 477 U.S. 168 (1986)." [DE 13 at 297]. Joseph does not dispute that *Darden* applies. [DE 16 at 319]. Accepting that the prosecutor's comments were improper, the question is whether those comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden*, 477 U.S. at 181 (quoting *Donnelly v. DeChristoforo,* 416 U.S. 637, 643 (1974)); *see also Stermer v. Warren*, 959

F.3d 704, 725–26 (6th Cir. 2020). Considerations include "the weight of the evidence against the defendant, the tactical context of the prosecutor's statements, and whether the comments were invited by the defense's own conduct." *Stermer*, 959 F.3d at 726 (discussing *Darden*, 477 U.S. at 181–83). "The nature and frequency of the improper remarks" is also relevant. *Id.* at 726 (citing *Berger v. United States*, 295 U.S. 78, 89 (1935)). "[T]he appropriate standard of review for such a claim on writ of habeas corpus is 'the narrow one of due process, and not the broad exercise of supervisory power.'" *Darden*, 477 U.S. at 181 (quoting *Donnelly*, 416 U.S. at 642).

"Here, [Joseph] cites to no Supreme Court case besides *Darden* in support of his argument." *See Trimble v. Bobby*, 804 F.3d 767, 783 (6th Cir. 2015). He simply alleges, without any support from the record, that the Commonwealth "deliberately misstated the law" in its closing argument. [DE 16 at 318]. Considering the totality of the circumstances under *Darden*, the Court agrees with the Magistrate Judge that "[t]he isolated nature of the comment, the cure of the same by the correct jury instructions, and the sufficiency of the other evidence to support Joseph's burglary conviction all buttress that the prosecution's comment did not inject so much unfairness into the trial as to deny Joseph due process." [DE 13 at 298]. Joseph's objections are overruled as the Magistrate Judge properly denied his third claim for relief under *Darden*.

Even if Joseph's claim could satisfy AEDPA, for this Court to grant habeas relief, Joseph would also have to satisfy the Supreme Court's "equitable precedents," including the actual-prejudice test. *See Davenport*, 596 U.S. at 134 (discussing *Brecht*, 507 U.S. 619). "Habeas petitioners are not entitled to habeas relief based on trial error unless they can establish that it resulted in actual prejudice." *Davis v. Ayala*, 576 U.S. 257, 267 (2015) (cleaned up); *see also Brecht*, 507 U.S. at 637. And "[t]here must be more than a 'reasonable possibility' that the error was harmful." *Ayala*, 576 U.S. at 268 (quoting *Brecht*, 507 U.S. at 637). "[R]elief is proper only

if the federal court has 'grave doubt about whether a trial error of federal law had "substantial and injurious effect or influence in determining the jury's verdict."'" *Id.* at 267–68 (quoting *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995)). Here, Joseph argues in passing that the Commonwealth's comments during closing arguments were "highly prejudicial." [DE 16 at 318]. That is not enough to establish actual prejudice under *Brecht*. For the reasons highlighted by the Magistrate Judge [DE 13 at 298], the Court is not persuaded that any trial error of federal law had substantial and injurious effect or influence on the jury's verdict. *See Ayala*, 576 U.S. at 267–68. Joseph's objections are overruled also because his third claim for relief, in addition to failing under AEDPA, fails under the Court's equitable discretion. *See White*, 131 F.4th at 479 (citing *Davenport*, 596 U.S. at 134).

### D. Claim Four: Character-Evidence Argument

Finally, Joseph claims that the trial court "erred in limiting [his] ability to cross examine [sic] a key government witness." [DE 1 at 2]. He argues that his "right to due process and a fair trial were violated when the trial court prevented [him] from eliciting testimony that the victim had threatened [him] prior to the altercation." [DE 1-1 at 48]. He objects to the Magistrate Judge's finding of procedural default and maintains that "the claim raised in the instant § 2254 petition is 'substantially equivalent' to [his] claim in the Kentucky Supreme Court." [DE 16 at 319–20]. He also objects to the Magistrate Judge's merits determination. [*Id.* at 320–21].

Joseph's habeas petition cited Federal Rule of Evidence 404(a) and argued that "the character of an alleged victim is a specific exception to this prohibition on propensity evidence." [*Id.*]. But the petition did not put any specific witness's testimony at issue or cite any portion of the record. [*Id.*]. The Warden's response brief asserted that Joseph's fourth claim was not fairly presented to the state courts. [DE 9 at 132]. Joseph replied that his claim is "substantially equivalent" to an argument he made before the Supreme Court of Kentucky. [DE 12 at 276].

However, that argument involved a hearsay objection—not Rule 404 or character evidence. [DE 9-2 at 173–74]. The Magistrate Judge determined that Joseph failed to exhaust state-court remedies on this point and, therefore, that Joseph's fourth claim is procedurally defaulted. [DE 13 at 300]. Alternatively, the Magistrate Judge found that Joseph's fourth claim fails on the merits. [*Id.* at 301].

"When a petitioner has failed to present a claim to the state courts and no state remedy remains available, the claim is technically exhausted and procedurally defaulted." *Mammone v. Jenkins*, 49 F.4th 1026, 1047 (6th Cir. 2022); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). "To overcome procedural default, the prisoner must demonstrate [1] 'cause' to excuse the procedural defect and [2] 'actual prejudice' if the federal court were to decline to hear his claim." *Ramirez*, 596 U.S. at 371 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)); *see also Rogers*, 69 F.4th at 395.

Joseph never presented his character-evidence argument to the state courts. His time to seek Kentucky postconviction relief has expired. *See* Ky. R. Crim. P. 11.42(10). Therefore, his fourth claim for habeas relief is procedurally defaulted, *see Mammone*, 49 F.4th at 1047, and fails absent a showing of both "cause" and "actual prejudice." *See Ramirez*, 596 U.S. at 371. Before the Magistrate Judge, "Joseph made no argument regarding cause and prejudice or actual innocence." [DE 13 at 300]. Neither has he in his objections to the Magistrate Judge's report and recommendation. The Court accepts the Magistrate Judge's recommendation that "Claim 4 should be denied as procedurally defaulted." [DE 13 at 300]. Joseph's objections are overruled as the Magistrate Judge properly denied his fourth claim for habeas relief .[2] *See Rogers*, 69 F.4th at 388.

---

[2] Because Joseph has not overcome procedural default, there is no need to reach the merits. But the Court also notes that the character-evidence argument in Joseph's habeas petition was deficient in and of itself: by failing to identify any witnesses or cite the record, Joseph failed to adequately "state the facts supporting [that] ground" for relief. *See* Rule 2(c)(2), Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.

### E.  Certificate of Appealability

Joseph objects [DE 16 at 321] to the Magistrate Judge's conclusion that a certificate of appealability should not issue as to each of Joseph's claims [DE 13 at 301–02]. Joseph argues that each of his claims satisfies the standard for issuance of a certificate of appealability. [DE 16 at 321–22]. "A state prisoner whose § 2254 petition is denied by the district court does not have an absolute right to appeal and must instead obtain a COA from a circuit justice or judge." *Kares v. Morrison*, 77 F.4th 411, 423 (6th Cir. 2023) (citing *Buck v. Davis*, 580 U.S. 100, 115 (2017)); *accord* 28 U.S.C. § 2253(c)(1). "A COA may be issued 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Kares*, 77 F.4th at 423 (quoting 28 U.S.C. § 2253(c)(2)). "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Joseph argues that he "relied on clearly established federal precedent in each of his claims," "that there is no procedural default," and that his habeas claims satisfy AEDPA. [DE 16 at 322]. However, as discussed above, one of his claims is procedurally defaulted, and his claims fail on the merits as well. In short, Joseph has not "made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Joseph's objections are overruled as the Magistrate Judge properly determined that a certificate of appealability is not warranted.

**IV. CONCLUSION**

For all these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Joseph's objections [DE 16] are **OVERRULED**. The Court **ACCEPTS** the Magistrate Judge's recommended disposition [DE 13]. Joseph's habeas petition [DE 1] is **DISMISSED** with prejudice. The Court will enter separate judgment.

Rebecca Grady Jennings, District Judge
United States District Court

July 7, 2025